[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 20-13889

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

REGINALD WOODS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:97-cr-00159-RDP-GMB-1

_____

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Reginald Woods appeals the district court's denial of his motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act of 2018[1], as well as his motion for reconsideration. Woods argues that his long sentence constitutes an "extraordinary and compelling" reason for his release and that the district court improperly used a provision from 18 U.S.C. § 3852(c)(1)(B) to deny his motion for reconsideration. He also argues that our decision in *United States v. Bryant*, 996 F.3d 1243 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021), was wrongly decided and that the district court had discretion to consider what qualifies as an "extraordinary and compelling" reason for his release. For the reasons stated below, we disagree and affirm the district court.

## I.

Several standards of review are relevant here. We review a determination about a defendant's eligibility for a § 3582(c) sentence reduction *de novo*. *Bryant*, 996 F.3d at 1251. However, we review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in

---

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

making the determination, or makes findings of fact that are clearly erroneous." *Id.* (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)). Under an abuse of discretion standard, "we cannot reverse just because we might have come to a different conclusion had it been our call to make." *Id.* at 912 (quoting *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007)). "To obtain reversal of a district court judgment that is based on multiple, independent grounds, [the defendant] must convince us that every stated ground for the judgment against him is incorrect." *United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020) (quoting *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014)).

We review the denial of a motion for reconsideration for abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). Although motions for reconsideration of a district court order in a criminal action are not expressly authorized by the Federal Rules of Criminal Procedure, both "the Supreme Court and this Court have permitted motions for reconsideration in criminal cases." *United States v. Phillips*, 597 F.3d 1190, 1199 (11th Cir. 2010). A motion for reconsideration may not be used to relitigate old matters or present arguments or evidence that could have been raised prior to the entry of judgment. *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).

We liberally construe pleadings filed by *pro se* defendants. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). Nonetheless, we deem abandoned issues and contentions not raised by

4                    Opinion of the Court                    20-13889

a defendant in his initial brief. *United States v. Wright*, 607 F.3d 708, 713 (11th Cir. 2010). And we do not consider arguments made for the first time in an appellant's reply brief. *United States v. Montenegro*, 1 F.4th 940, 944 n.3 (11th Cir. 2021).

## II.

District courts lack the inherent authority to modify a term of imprisonment but may do so to the extent permitted under § 3582(c)'s provisions. *See* 18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2635 (2021). As amended by § 603(b) of the First Step Act, that section now provides, in relevant part, that:

> the court, upon motion of the Director of the Bureau of Prisons [("BOP")], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

As we recently explained, to grant a reduction under § 3582(c)(1)(A), district courts must find that three necessary conditions are satisfied, which are (1) "support in the § 3553(a) factors," (2) "extraordinary and compelling reasons," and (3) "adherence to [U.S.S.G.] § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). District courts do not need to address these three conditions in any particular sequence, as the absence of even one forecloses a sentence reduction. *Id.* at 1238.

In *Bryant*, we held that the policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and thus, district courts cannot reduce a sentence under § 3582(c)(1)(A) unless it would be consistent with § 1B1.13. 996 F.3d at 1262. The policy statement requires, in relevant part, that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

Here, Woods's argument that *Bryant* was wrongly decided and created an unconstitutional delegation of power is foreclosed by our prior panel precedent rule. Under our prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this [C]ourt sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). A subsequent panel cannot overrule a prior panel even if it believes that the prior panel was wrong. *United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998). *Bryant* has not been overruled or

abrogated, and there is no exception to the prior panel precedent rule for reasons overlooked by the prior panel. *See United States v. Moore*, 22 F.4th 1258, 1268–69 (11th Cir. 2022). Further, Woods abandoned any argument that the district court wrongly determined that he was a danger to the community by failing to raise the issue in his initial brief, and thus, his claim fails because he cannot show one of the necessary conditions for compassionate release. Accordingly, we need not reach whether he established an "extraordinary and compelling" reason for his release or whether the 18 U.S.C. § 3553 factors supported his release.

Next, the district court did not abuse its discretion in denying his motion to reconsider because his motion raised the same arguments that he had made in his motions for compassionate release—i.e., that his long sentence, stacked 18 U.S.C. § 924(c) sentences, rehabilitation, sickle cell disease and the low quality of care by the BOP, and his mother's age were reasons for his compassionate release—none of which impacted the court's dangerousness finding. Further, the evidence that he submitted, including character letters, education history, and his "male pattern risk scoring" assessment, all could have been submitted before judgment was entered. Accordingly, we affirm.

**AFFIRMED.**